

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00151-CV

---

### IN THE INTEREST OF J.N. AND Z.N., CHILDREN

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2020-539,649, Honorable Kara L. Darnell, Presiding

---

November 8, 2021

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

The trial court terminated J.A.'s parental rights to her two children, J.N. and Z.N., and she appealed from that judgment. Appointed counsel for J.A. filed a motion to withdraw, together with an *Anders*[1] brief in support thereof. In the latter, counsel certified that she diligently searched the record and concluded that the appeal was without merit. Appellate counsel also filed a copy of a letter sent to J.A. informing her of her right to file a pro se response. J.A. was also provided a copy of the appellate record, according to counsel. By letter dated September 9, 2021, this Court notified J.A. of her right to file her

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

own brief or response by September 29, 2021, if she wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal concerning the three grounds upon which the trial court relied to terminate J.A.'s parental rights. Those three grounds involved sub-sections 161.001(b)(1)(D), (E) and (O) of the Texas Family Code. Counsel's discussion encompassed the sufficiency of the evidence to support 1) all three statutory grounds upon which termination was based and 2) the finding that termination was in the children's best interest. Per our obligation specified in *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied) (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)), we too reviewed the appellate record in search of arguable issues for appeal. None were found.

Per *In re N.G.,* 577 S.W.3d 230 (Tex. 2019) (per curiam), we also conducted an independent review of the evidence underlying the trial court's findings that termination was warranted under § 161.001(b)(1)(D) and (E) of the Texas Family Code. *See In re L.G.*, 596 S.W.3d 778, 781 (Tex. 2020) (per curiam) (court of appeals erred "by not detailing its analysis [on (D) and (E)] as required by [*In re N.G.*]." That evidence illustrated 1) J.N. had multiple bruises on most of his back which were in various stages of healing; 2) "bruise" cream had been applied to the bruised areas to help them to heal which J.A. had been applying; 3) J.N. was four years old at the time; 4) J.N. made an outcry to J.A. of sexual abuse by his father; 5) J.A. failed to call police or make a report of the abuse even though the outcry allegedly was made the same day father was arrested; 6) J.N. was still wearing diapers at age 4; 7) J.A. was aware that father had to register as a sex

2

offender for sexually assaulting his cousin in the past; 8) physical abuse had occurred within the last two years, prior to CPS involvement, of both J.N. and J.A.; 9) J.A. had turned over much of J.N.'s care to her mother after having her second child, Z.N.; 10) most of J.A.'s living expenses were paid by her mother, the children's grandmother; 11) at the time of the final hearing, J.A. had been charged with the criminal offense of injury to a child; and 12) J.A. pled the 5th during much of her direct examination at the final hearing. Combined, this evidence is both legally and factually sufficient to support a finding warranting termination under (D) and (E) for both children. *See In re B.B.*, No. 02-19-00250-CV, 2020 Tex. App. LEXIS 1955, at *10 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.) (finding that mother's failure to protect the children from sexual abuse supported an endangerment finding); *In Re I.E.,* No. 07-21-00040-CV, 2021 Tex. App. LEXIS 6089, at *18 (Tex. App.—Amarillo July 29, 2021, pet. filed) (mem. op.) (holding that [a]cts of violence or abuse directed toward one child can endanger other children that are not the direct victims of the conduct and support termination of parental rights of the other children").

Accordingly, the judgment is affirmed.[2]

Brian Quinn
Chief Justice

---

[2] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).